IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYLER PALMER,

           Petitioner,

v.

C. CARTER, Warden, FCI-Leavenworth,

           Respondent.

Case No. 25-3216-JWL

**FILED**
U.S. District Court
District of Kansas
01/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the calculation of his sentence. For the reasons set forth below, the Court **denies** the petition.

Petitioner, who is presently incarcerated within this judicial district, is serving a 120-month term of imprisonment imposed on January 17, 2019, in the United States District Court for the District of Nebraska. That term was ordered to be served concurrently with state sentences imposed on December 14, 2017. By the instant petition, petitioner claims that the Bureau of Prisons (BOP) has improperly denied him credit for all of his jail time served with state authorities. Respondent filed an answer to the petition, and petitioner has filed a reply, and the matter is therefore ripe for ruling.

Habeas corpus relief may be appropriate under Section 2241 if a prisoner shows that he is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3).

Petitioner has not shown, however, that the BOP has violated federal law by failing to award petitioner credit for previous jail time.

It appears from the record of petitioner's administrative appeals that he seeks credit specifically for his time in state custody between the date his state sentences were imposed and the date his federal sentence was imposed. Respondent has submitted evidence of the following: (1) petitioner has received credit against his federal sentence for the time he spent in state custody after his federal sentencing on January 17, 2019, pursuant to a "nunc pro tunc designation" of his state facility as a place in which petitioner served his federal sentence; (2) petitioner has also received credit for 23 days spent in state custody after the commission of his federal offense but before his state sentences commenced (from November 21, 2017, to December 13, 2017); and (3) petitioner has *not* received credit for the period between the dates of his state sentencing and his federal sentencing, in accordance with 18 U.S.C. § 3583(b), because petitioner received credit against his state sentences for that period. *See id.* (a defendant shall receive credit for certain time in detention prior to the date of sentencing that has not been credited against another sentence). Thus, respondent has shown that petitioner's sentence has been properly calculated and that he is not entitled to the credit sought.

Petitioner appears to argue that because his federal sentence was ordered to be served concurrently with his state sentences, he is entitled to federal credit for all time served on those state sentences. As the Court has previously explained, however, a defendant's federal sentence runs concurrently only with the unserved portion of the earlier sentence, not with the entirety of the earlier sentence, because a federal sentence cannot

2

commence before the date of its imposition.  *See Walker v. Hudson*, 2024 WL 407469, at *1-2 (D. Kan. Jan. 12, 2024) (Lungstrum, J.) (citing cases).  Thus, petitioner is not entitled to credit for time credited against his state sentences.

Accordingly, petitioner has failed to show that the BOP has violated federal law in calculating and administering his sentence, and the Court therefore denies the petition for habeas relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge